BEAVER COUNTY, (WOODHULL v.) See Case No. 17,974.

---

## Case No. 1,201.

### BEAVERS v. The NORTH AMERICA.

[N. Y. Times, Jan. 17, 1855.]

District Court, S. D. New York.

COLLISION—TOWS IN HUDSON RIVER—LOOKOUT—MUTUAL FAULT.

[The failure of a vessel to keep a proper lookout is prima facie evidence that an ensuing collision was caused by such neglect. The Genesee Chief, 12 How. (53 U. S.) 443, followed.]

[In admiralty. Libel by George W. Beavers against the steamboat North America for collision. Decree for libellant.

Owens, Betts & Vose, for libellant.
Sanford & Porter, for claimant.

Before INGERSOLL, District Judge.

This suit is brought by the owner of the barge Nancy F. Beavers, to recover damages for injury sustained by her in a collision with the steamboat on the Hudson river. The collision happened just below Magazine Point, about 12 o'clock on the night of June 13th, 1853. The barge was in tow of the steamboat Belle, which was coming down from Albany with a tow of twenty-six loaded barges and canal boats. Three of the barges were ranged on each side of the Belle, the Nancy F. Beavers being the outside one on the larboard side. The Belle rounded Magazine Point at a short distance, and intended to keep the east side of the river, down to West Point, and to pass the North America on the left. Such a course of navigation is usual for steamboats coming down with a heavy tow on the ebb tide, but with a flood tide they keep on the west shore. The evidence was conflicting as to the state of tide at this time.

HELD BY THE COURT, that the North America had no sufficient outlook, according to the rules laid down by the supreme court in the case of St. John v. Paine, 10 How.[51 U. S.) 557,] and the case of The Genesee Chief, 12 How. [(53 U. S.) 443,] and this is therefore prima facie evidence that the collision was caused by fault on her part.

That the evidence, as given, does not rebut this prima facie case, but rather strengthens it. If she had had such an outlook, the probability is that she would have discovered, and been able to rectify, the mistake of the pilot of the North America, as to the lights, in season to have avoided the collision.

That, on the evidence, the tide was flood, and the navigation of the Belle on the east side of the river was therefore erroneous and a fault on her part.

That the collision was occasioned by the joint fault of the two steamers, and the damages sustained by the libellant must therefore be apportioned. Reference, therefore, to a commissioner, to ascertain the amount.